# Blackshear *v.* The State.

### *Indictment for Murder.*

1. *Charge as to testimony of one witness; ambiguous, argumentative, and misleading.*—On a prosecution for murder, the testimony of a witness for the State having been contradicted in several particulars, and leaving room for the inference that he was himself implicated in the commission of the homicide; a charge requested, instructing the jury that, if said witness "fabricated a falsehood in order to shield his own guilt, the jury may look to that in explanation of the evidence of the defendant, and they may acquit," is properly refused, because (1) it is argumentative merely, (2) it is misleading, (3) it gives undue prominence to a single feature of the evidence, and (4) it is ambiguous in meaning.

FROM the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of murder in the first degree, and was sentenced to imprisonment in the penitentiary for life.

One Jenkins testified as a witness for the State, and his testimony was not only contradicted in several particulars, but left room for the inference that he may himself have been implicated in the crime charged.

The only ruling of the court to which exception is taken, is the refusal to give the following charge requested by the

[Reed v. The State.]

defendant: "If the witness Jenkins fabricated a falsehood in order to shield his own guilt, the jury may look to that in explanation of the evidence of the defendant, and they may acquit."

The refusal of this charge was proper, on several grounds: (1) It was argumentative merely, announcing no distinct proposition of law. (2) It was misleading, in the intimation that the defendant might properly be acquitted, if Jenkins' testimony was fabricated and untrue, without regard to the probative force of the other evidence in the case. (3) It gave undue prominence to a single feature of the evidence. (4) It was ambiguous in meaning.

The record is free from any discoverable error, and the judgment is affirmed.